**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMED SAJEER MEERAN SAHIB, | No. 11-73982 |
| Petitioner, | Agency No. A099-900-358 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2015
Pasadena California

Before: PREGERSON and NGUYEN, Circuit Judges and WHALEY,[**] Senior
District Judge.

Mohamed Sajeer Meeran Sahib, a native and citizen of Sri Lanka, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") affirming an

immigration judge's denial of his applications for asylum, withholding of removal,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert H. Whaley, Senior District Judge for the U.S.
District Court for the Eastern District of Washington, sitting by designation.

and protection under the Convention Against Torture ("CAT").

Substantial evidence supports the BIA's conclusion that Sahib was ineligible for asylum and withholding of removal because he engaged in the persecution of others when he assisted the Sri Lankan army by providing translation services. An alien seeking asylum bears the burden of establishing that he is a "refugee" under the Immigration and Nationality Act ("INA"). INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i). By statute, the definition of refugee excludes "any person who ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42), 8 U.S.C. § 1101(a)(42). The same persecutor bar also applies to aliens seeking withholding of removal. INA 241(b)(3)(B)(i), 8 U.S.C. § 1231(b)(3)(B)(i). Substantial evidence in the record indicates that Sahib assisted in the persecution of others because of his personal involvement and his purposeful assistance to the army in carrying out the interrogations. Without Sahib's translation services the interrogations could not have proceeded. *See Miranda Alvarado v. Gonzales*, 449 F.3d 915 (9th Cir. 2006). Thus, Sahib's claim for asylum and withholding of removal fails because substantial evidence supports the application of the persecutor bar.

Substantial evidence also supports the BIA's denial of Sahib's CAT claim

because he has not shown it is more likely than not he will be tortured by the government of Sri Lanka or with its consent or acquiescence. *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Thus, Sahib's CAT claim fails.

**PETITION FOR REVIEW DENIED.**